**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ x
:
BACHIR NASRANY,                                                           :
:
:
:
Plaintiff,                                 :
:      Case No. _____
- against -                                  :
:
:
:
THE GENERAL CONSULATE OF KUWAIT IN                                        :
NEW YORK CITY AND HADI ALSUBAEI,                                          :
:
:
Defendants.                                 :
:
:
:
:
:
------------------------------------------------------------------------ X

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1351 and 1441(d), The General

Consulate of the State of Kuwait in New York, i/s/h/a The General Consulate of Kuwait In New

York City, ("The Consulate") and Deputy Consul General Hadi Alsubaie, i/s/h/a Hadi Alsubaei,

("Deputy Consul General" or "Mr. Alsubaie") (collectively, "Defendants"), hereby remove this

action from the Supreme Court of the State of New York, New York County, Index No.

100806/2024 to the United States District Court for the Southern District of New York.  In doing

so, Defendants appear solely for the purpose of removal and not for any other purpose, expressly

reserving all defenses, rights, privileges, immunity, and objections that Defendants have under any

applicable state, federal, or international law relating to the claims asserted in this matter, including

but not limited to any defense relating to diplomatic immunity, consular immunity, and/or

sovereign immunity pursuant to the Foreign Sovereign Immunities Act ("FSIA"), or other applicable law.  As grounds for removal, Defendants state as follows:

## PRELIMINARY STATEMENT

1.      Removal is proper because actions against a "foreign state" may be removed to the district court of the United States for the district where such action is pending. 28 U.S.C. § 1441(d) ("Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending."). The Consulate is a "foreign state" under section 1603(a) of the FSIA.  28 U.S.C. § 1603(a) ("A 'foreign state,' except as used in section 1608 of this title, includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).").  Federal district courts also have original and exclusive jurisdiction, exclusive of the courts of the states, over all civil actions and proceedings against consuls and vice consuls of foreign states. 28 U.S.C. § 1351.

## GENERAL BACKGROUND

2.      On or about July 10, 2024, Plaintiff Bachir Nasrany ("Plaintiff") filed an action against Defendants in the Supreme Court of the State of New York, New York County, captioned *Bachir Nasrany v. The General Consulate of Kuwait in New York City and Hadi Alsubaei*, and assigned Index No. 100806/2024, by Summons and Verified Complaint (the "State Court Action"). (Declaration of Rebecca A. Stark ["Stark Decl."], ¶¶ 1-3).

3.      On or about July 15, 2024, Plaintiff filed an Amended Complaint against the Defendants in the State Court Action.  (Stark Decl. at ¶ 4).

4.       On or about August 12, 2024, Plaintiff moved for an order directing an alternate manner of service of the Summons and Verified Complaint in the State Court Action, citing impracticability of personal service upon Defendants.  (Stark Decl. at ¶ 5).

5.       The Court granted Plaintiff's request and ordered that the Summons and Verified Complaint be served upon Defendants via (a) overnight mail, (b) certified mail with return receipt requested, and (c) ordinary mail, at the address of 321 East 44th Street, Floor 9, New York, New York, 10017 (the "Consular Address"). (Declaration of Zarina Fakira ["Fakira Decl."] at ¶ 4, Exhibit 1).

6.       On or about August 22, 2024, Defendants received the Summons and Amended Complaint via USPS Priority Mail Express delivery at the Consular Address; Defendants received the Summons and Amended Complaint via certified mail delivery on or about August 23, 2024 at the Consular Address; the Deputy Consul General received the Summons and Amended Complaint via regular mail delivery on or about August 23, 2024 at the Consular Address; and The Consulate received the Summons and Amended Complaint via mail delivery on or about August 26, 2024 at the Consular Address. (Fakira Decl. ¶ 4).

7.       On or about September 16, 2024 Plaintiff filed three Affidavits of Mailing to "Diplomat Hadi Alsubaei", and three Affidavits of Mailing to "The General Consulate of Kuwait."[1] (Stark Decl. ¶ 6).

8.       Pursuant to Section 1446(a), Defendants have attached hereto as Exhibit A, true and correct copies of all "process, pleadings, and orders" purportedly served upon Defendants in this action.  To the best of Defendants' knowledge, no additional process, pleadings, or orders have

---

[1] The Affidavits of Mailing to "The General Consulate of Kuwait" was erroneously notated as Affidavits of Mailing – The General Counsel of Kuwait on the docket sheet.

been served or purportedly served upon Defendants in this action besides the documents annexed

hereto as Exhibit A.

### GROUNDS FOR REMOVAL - 28 U.S.C. §§ 1351 and 1441(d)

9.      Defendants remove this Action pursuant to 28 U.S.C. §§ 1351 and 1441(d).

10.      "A case is removable when the initial pleading enables the defendant to

'intelligently ascertain' removability from the face of such pleading, so that in its petition for

removal[, the] defendant can make a short and plain statement of the grounds for removal as

required [by] 28 U.S.C. § 1446(a)." *Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 205 (2d Cir.

2001) (citation omitted).  A defendant has 30 days from receipt of the initial pleading to file a

notice of removal. 28 U.S.C. § 1446(b)(1).

11.      Removal is proper because civil actions against a "foreign state" may be removed

to the district court of the United States for the district where such action is pending. 28 U.S.C. §

1441(d) ("Any civil action brought in a State court against a foreign state as defined in section

1603(a) of this title may be removed by the foreign state to the district court of the United States

for the district and division embracing the place where such action is pending.").

12.      Additionally, this Court has original and exclusive jurisdiction over this action

against a deputy consul general of a foreign state. Under 28 U.S.C. § 1351, "[t]he district courts

shall have original jurisdiction, exclusive of the courts of the States, of all civil actions and

proceedings against– (1) consuls or vice consuls of foreign states[.]"

13.      Here, Plaintiff has sued The Consulate, a political subdivision of a foreign state –

the State of Kuwait. A "foreign state" is defined under FSIA as including a "political subdivision

of a foreign state[.] 28 U.S.C. § 1603(a). And here, The Consulate's status as a "foreign state" is

apparent from the face of the Amended Complaint. In addition, Plaintiff has sued Mr. Alsubaie, a deputy consul general of a foreign state. Mr. Alsubaie has served in the position of Deputy Consul General of The Consulate since August 2023, and he previously served as the Deputy Consul of The Consulate from August 2019 to August 2023. (Fakira Decl. ¶¶ 5-6). Thus, at all relevant times, including the date of the filing of the State Court Action, Mr. Alsubaie has served and continues to serve as a consul of a foreign state. (*Id.*).

14.     Therefore, this Court has original and exclusive jurisdiction over this civil action against Mr. Alsubaie and The Consulate of the State of Kuwait in New York, and removal to this Court is proper.

15.     Removal is also timely, as the date of the filing of this notice is within 30 days after Defendants received the Summons and Amended Complaint via the delivery methods described in Paragraph 6 above. 28 U.S.C. § 1446(b).

## **VENUE**

16.     Venue is proper in this Court under 28 U.S.C. § 1441(a) and Rule 20 of the Local Civil Rules for the Division of Business Among District Judges because Defendants are removing this action from the Supreme Court of the State of New York, New York County, which is located within the district of the United States District Court for the Southern District of New York, and this case should thus be assigned to a judge sitting at the Manhattan courthouse.

## NOTICES

17.      As required by 28 U.S.C. § 1446(d), a true and correct copy of Defendants' Notice of Filing of Notice of Removal is attached as Exhibit B.  The original is being filed with the Clerk of the Supreme Court of the State of New York, New York County.

18.      A true and correct copy of the Notice to Adverse Party of Filing of Notice of Removal is attached as Exhibit C.  The original is being served on Plaintiff, as required by 28 U.S.C. § 1446(d).

19.      A copy of this Notice of Removal is being served upon Plaintiff by personal service and FedEx.

20.      By filing the instant Notice of Removal, Defendants do not waive any defenses, rights, privileges, immunity, and objections available to them at law, equity, or otherwise.

21.      This Notice of Removal is signed pursuant to Rule 11, Fed. R. Civ. P., as required by 28 U.S.C. § 1446(a).

WHEREFORE, Defendants request that the State Court Action be removed from the Supreme Court of the State of New York, New York County to the United States District Court for the Southern District of New York.

Dated:  New York, New York
          September 20, 2024                    DENTONS US LLP


By: */s/ Rebecca A. Stark*
Rebecca A. Stark
1221 Avenue of the Americas
New York, NY 10020
Phone: (212) 398-7614
Email: rebecca.stark@dentons.com

*Attorneys for Defendants*