| Bachir Nasrany       V.   The General Consulate of Kuwait in New York & Hadi Alsubaie | Case No. 1:24-cv-07163 |
| (Plaintiff)                    (Defendants) | Index No. 100806/2024 |

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

BACHIR NASRANY,

                Plaintiff,                Case No. 1:24-cv-07163-LJL

vs.

THE GENERAL CONSULATE OF KUWAIT
IN NEW YORK CITY AND HADI ALSUBAEI,

                Defendants.

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS (Document 8)

**PRELIMINARY STATEMENT**
Plaintiff Bachir Nasrany, proceeding **pro se**, respectfully submits this Memorandum of Law in opposition to Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(5). Defendants assert improper service of process as grounds for dismissal, but their argument is flawed in both fact and law. The service was executed following a court order authorizing alternative methods due to the diplomatic status of the defendants. Furthermore, the claims in this case center around New York State employment and human rights laws, which fall under the jurisdiction of New York state courts. For these reasons, Defendants' motion to dismiss must be denied, and the case should be remanded to the Supreme Court of New York for proper adjudication.

**ARGUMENT**
**I. SERVICE OF PROCESS WAS PROPER AND AUTHORIZED BY THE COURT**
Defendants' motion under Rule 12(b)(5) should be denied because Plaintiff complied with court-authorized alternative service procedures. The alternative service was ordered due to the unique nature of Defendants as a diplomatic consulate, and the Plaintiff followed these procedures properly.

**A. Court-Ordered Alternative Service**
The court authorized alternative service in this case due to the diplomatic status of the Defendant Consulate. Under **Federal Rule of Civil Procedure 4(f)** and **28 U.S.C. § 1608**, which governs service upon foreign states under the **Foreign Sovereign Immunities Act (FSIA)**, the Court is empowered to allow alternative methods when standard methods of service are impractical. The Plaintiff adhered to the Court's explicit order, and service was effectuated via a combination of mailing and delivery, meeting the legal requirements of both federal and state law.

| | | |
|---|---|---|
| Bachir Nasrany (Plaintiff) | V.  The General Consulate of Kuwait in New York & Hadi Alsubaie (Defendants) | Case No. 1:24-cv-07163 Index No. 100806/2024 |

Additionally, under **New York Civil Practice Law and Rules (CPLR) § 308(5)**, courts can approve alternative methods of service when traditional methods are not feasible. Given the diplomatic nature of the defendants, the court appropriately authorized alternative service, and Plaintiff executed this method in full compliance with the Court's order.

**B. New York's Long-Arm Statute Provides Jurisdiction**

Under **New York's Long-Arm Statute (CPLR § 302)**, New York courts have jurisdiction over foreign entities engaged in commercial activities within the state. The Plaintiff's employment was based in New York, and the claims arise from wage theft, wrongful termination, and harassment in New York. These facts provide the necessary jurisdictional nexus under New York law. As held in **Fischbarg v. Doucet**, 9 N.Y.3d 375 (2007), foreign defendants engaged in significant business activities within New York are subject to the jurisdiction of New York courts. This precedent supports the conclusion that Plaintiff's employment and claims within New York grant the Court the authority to exercise jurisdiction over the defendants.

## II. DEFENDANTS' CLAIMS OF IMPROPER SERVICE ARE BASELESS

Defendants' assertion that service was improper is not supported by the facts or applicable law. In **Doe v. Holy See**, 557 F.3d 1066 (9th Cir. 2009), the court upheld service as proper where reasonable efforts were made within the practical limits set by the court. Similarly, Plaintiff adhered to the court's authorized service methods, and the Defendants received actual notice of the lawsuit.

Additionally, courts have ruled that actual notice and participation by defendants in legal proceedings diminish any claims of improper service. In **Henderson v. United States**, 517 U.S. 654 (1996), the U.S. Supreme Court ruled that procedural technicalities related to service should not prevent litigation from proceeding when a party has received actual notice and actively participated in the case. Defendants have filed motions and participated in the litigation, making their claims of improper service baseless.

## III. DISMISSAL UNDER RULE 12(b)(5) IS NOT WARRANTED

Even if the Court found minor procedural irregularities in service (which there are not), dismissal under Rule 12(b)(5) would be inappropriate. Courts consistently favor resolving disputes based on the merits rather than dismissing cases for procedural technicalities. In **Vermont Teddy Bear Co. v. 538 Madison Realty Co.**, 1 N.Y.3d 470 (2004), the New York Court of Appeals emphasized that procedural rules should not be used to prevent legitimate claims from being heard.

Plaintiff presents significant claims of wrongful termination, wage theft, and harassment, and these claims must be adjudicated on their merits. The principles set forth in **Reed v. G.B. 1000, Inc.**, 2016 NY Slip Op 30553(U) (N.Y. Sup. Ct. 2016), and **Rogers v. Fogo de Chão (Holdings) Inc.**, 2020 WL 5909431 (S.D.N.Y. Oct. 6, 2020), further reinforce the judicial preference for resolving cases based on substantive merits, not procedural technicalities. This indicates that even if the court were to identify minor irregularities in service, dismissal under Rule 12(b)(5) would be inappropriate.

| | | |
|---|---|---|
| Bachir Nasrany<br>(Plaintiff) | V. | The General Consulate of Kuwait in New York & Hadi Alsubaie<br>(Defendants) |

Case No. 1:24-cv-07163
Index No. 100806/2024

## IV. DEFENDANTS' USE OF RULE 12(b)(5) IS A DELAY TACTIC

Plaintiff submits that Defendants are utilizing Rule 12(b)(5) as a delay tactic to avoid addressing the substantive claims of this case. As established in *Foman v. Davis*, 371 U.S. 178 (1962), procedural barriers should not obstruct valid claims, especially when the facts of the case are clear and substantial. Courts have consistently condemned such delay tactics. The U.S. Supreme Court emphasized that procedural hurdles should not be exploited to sidestep claims that hold substantial merit. Therefore, Defendants' motion is simply an attempt to evade the serious issues of wrongful termination, wage theft, and harassment, and should be dismissed accordingly.

## V. THIS CASE SHOULD BE REMANDED TO THE SUPREME COURT OF NEW YORK

Plaintiff reiterates that this case involves claims under the **New York State Human Rights Law (NYSHRL)** and the **New York Labor Law (NYLL)**, which should be adjudicated in state court. Under **28 U.S.C. § 1441**, federal courts must remand cases based on state law claims when no substantial federal question is involved. Plaintiff's claims of wrongful termination, wage theft, and harassment are rooted in state law, and the appropriate venue for adjudication is the New York Supreme Court.

## VI. THE FOREIGN SOVEREIGN IMMUNITIES ACT (FSIA) DOES NOT APPLY

Defendants' reliance on the FSIA is legally flawed. The **Commercial Activity Exception** under **28 U.S.C. § 1605** is applicable in this case, as the Plaintiff's employment constitutes commercial activity. Employment disputes between a foreign consulate and local staff are not covered by diplomatic immunity. This principle was clearly established in **Gurung v. Malhotra**, 851 F. Supp. 2d 583 (S.D.N.Y. 2012), and **El-Hadad v. United Arab Emirates**, 496 F.3d 658 (D.C. Cir. 2007), where courts rejected immunity claims in employment disputes involving local hires. Therefore, Defendants cannot invoke immunity to shield themselves from accountability for wage theft, harassment, and wrongful termination.

Moreover, the principles established in **Reed** and **Rogers [Reed v. G.B. 1000, Inc.**, 2016 NY Slip Op 30553(U) (N.Y. Sup. Ct. 2016), and **Rogers v. Fogo de Chão (Holdings) Inc.]** reinforce that state courts are the appropriate forum for resolving employment disputes. These cases emphasize that jurisdiction should not be denied based on procedural technicalities when significant claims are at stake. Given that Defendants lack legitimate grounds to assert that the federal court should retain this case, their reliance on diplomatic immunity is misplaced.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss in its entirety, remand the case to the Supreme Court of New York for adjudication under state law, and grant such other relief as the Court deems just and proper. Defendants' motion is procedurally unsound and represents a strategic attempt to evade accountability for the Plaintiff's serious claims.

**Respectfully submitted,**
Bachir Nasrany,
Pro Se Plaintiff

Dated: October 23, 2024