Bachir Nasrany        V.    The General Consulate of Kuwait in New York & Hadi Alsubaie        Case No. 1:24-cv-07163
(Plaintiff)                 (Defendants)                                                       Index No. 100806/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BACHIR NASRANY,

        Plaintiff,                  Case No. 1:24-cv-07163-LJL

    v.

THE GENERAL CONSULATE OF KUWAIT
IN NEW YORK CITY AND HADI
ALSUBAEI,

        Defendants.

---

## Plaintiff's Reply Memorandum of Law in Support of Motion to Remand

**Preliminary Statement**

This action arises under **New York Labor Law (NYLL)** and **New York State Human Rights Law (NYSHRL)**, addressing the Defendants' violations through harassment, wrongful termination, wage theft, and retaliation. The Plaintiff seeks redress for these state law claims, including the Defendants' refusal to pay accrued wages, benefits, and severance, in breach of **NYLL**.

Additionally, under **NYSHRL**, the Plaintiff alleges severe and retaliatory harassment, which culminated in a hostile work environment and wrongful termination. These actions represent a clear violation of **NYSHRL**'s protections against harassment and retaliation.

As this case centers solely on state law claims, the Plaintiff respectfully requests adjudication in the **Supreme Court of New York, New York County**, where these rights are fully protected under New York law.

The Defendants, in an attempt to remove this case to federal court, have relied on the **Foreign Sovereign Immunities Act (FSIA)** and other jurisdictional arguments that lack legal merit and relevance to the state law claims presented.

| | | | |
|---|---|---|---|
| Bachir Nasrany (Plaintiff) | V. | The General Consulate of Kuwait in New York & Hadi Alsubaie (Defendants) | Case No. 1:24-cv-07163 Index No. 100806/2024 |

**Introduction**

Plaintiff respectfully submits this motion to remand the case to the New York State Supreme Court for the reasons set forth below. This motion seeks to ensure that Plaintiff's claims are adjudicated in accordance with the protections guaranteed by New York State law, including the **New York Labor Law (NYLL)** and the **New York State Human Rights Law (NYSHRL)**, which apply equally to all employees, including those employed by foreign consulates.

On October 8, 2024, Plaintiff filed a "**Motion to Remand to the Supreme Court of New York**". This motion asserts claims of wage theft, harassment, retaliation, and wrongful termination under the **NYLL** and **NYSHRL** against the General Consulate of Kuwait in New York and Deputy Consul General Hadi Alsubaie.
The Plaintiff has provided a detailed account of **twenty instances** of unlawful conduct, each constituting a violation of the **NYLL** and **NYSHRL**. These violations include harassment, discrimination, wage theft, and retaliation, all of which are actionable claims under state law. The Plaintiff's legal filings meticulously cite the relevant statutory provisions, establishing that this matter is governed exclusively by state law and does not raise any federal jurisdictional issues.
Despite the Plaintiff's well-documented claims, the Defendants—who previously sought to remove this case to federal court—have failed to provide any substantive rebuttals. Instead, they rely on unsupported assertions of immunity and jurisdictional claims, none of which establish a valid basis for federal jurisdiction under the **Foreign Sovereign Immunities Act (FSIA)** or any other federal statute.
The Plaintiff asserts that the Defendants' invocation of diplomatic or sovereign immunity is legally unfounded and irrelevant to the state-law claims at issue. These claims—focused on wage theft, harassment, and wrongful termination—are clear violations of **New York State law** and are not subject to federal jurisdiction. Therefore, Plaintiff respectfully submits that this case should be remanded to the Supreme Court of New York, which has proper jurisdiction to adjudicate these state-law claims in their entirety.

**Jurisdiction and Legal Framework**

This case involves claims under the **New York Labor Law (NYLL)** and the **New York State Human Rights Law (NYSHRL)**, both of which are designed to protect workers from wage theft, harassment, and retaliation. Since no federal claims are at issue and the matter is entirely grounded in state labor protections, state courts have exclusive jurisdiction over these claims. State courts are better suited to handle matters of wage theft and harassment, offering more favorable remedies and stricter enforcement of New York's labor laws.
In **Gurrola v. Consulate of Venezuela**, the court dismissed the case for lack of federal jurisdiction, emphasizing that consular employment disputes do not automatically fall under federal jurisdiction when they involve local labor laws. Similarly, in **El-Hadad v. Embassy of the UAE**, the court held that employment disputes involving foreign government employees are governed by state law, particularly when the dispute concerns employment matters rather than acts of sovereign immunity.

| | | |
|---|---|---|
| Bachir Nasrany (Plaintiff) | V. | The General Consulate of Kuwait in New York & Hadi Alsubaie (Defendants) |

Case No. 1:24-cv-07163
Index No. 100806/2024

The defendants' invocation of **FSIA** immunity is unfounded. The **Foreign Sovereign Immunities Act (FSIA)** does not apply to employment disputes arising from non-diplomatic functions, such as those involving wage theft, harassment, and retaliation. Courts have consistently ruled that **FSIA** does not shield foreign consulates from claims under state labor laws when the dispute concerns local labor regulations, as seen in **Gurrola v. Consulate of Venezuela** and **El-Hadad v. Embassy of the UAE**. Therefore, the defendants' reliance on **FSIA** is misplaced, and this case should proceed under the applicable provisions of **New York State law**.

Defendants cite **28 U.S.C. § 1351** to assert exclusive jurisdiction over consular officials. However, consular immunity under this statute is strictly limited to acts performed in an official capacity. Claims of harassment and wage theft under the **NYLL** and **NYSHRL** do not fall within the scope of "official acts" protected by consular immunity. New York courts consistently assert jurisdiction over employment disputes involving foreign entities when the claims are based on state labor laws.

The Plaintiff has engaged with the defendants' arguments out of respect for procedural norms. However, these assertions are legally irrelevant to the case at hand. Even if required to address their claims, it is evident that the defendants have misrepresented the law, further underscoring the strength of the **NYLL** and **NYSHRL** as the appropriate legal framework for resolving this dispute.

**Procedural Compliance and Jurisdictional Deficiency in Removal (28 U.S.C. § 1446)**

Although compliance with **28 U.S.C. § 1446** is necessary for proper removal, it does not establish federal jurisdiction. In **Shamrock Oil & Gas Corp. v. Sheets**, 313 U.S. 100, 108–09 (1941), the Supreme Court clarified that procedural compliance facilitates removal but does not substantiate federal jurisdiction.

Under **28 U.S.C. § 1441(a)**, removal is permissible only if the case could have originally been brought in federal court, which requires either a federal question or diversity of citizenship, as reiterated in **Caterpillar Inc. v. Lewis**, 519 U.S. 61, 68 (1996).

The core of this dispute involves claims under state law (**NYLL** and **NYSHRL**), and state courts are the proper forum for adjudicating such claims. The **Foreign Sovereign Immunities Act (FSIA)** does not cover routine labor law violations, which are squarely within the jurisdiction of New York's state labor protections, as established in **Shamrock Oil & Gas Corp. v. Sheets** and **Caterpillar Inc. v. Lewis**. Therefore, the defendants' invocation of **FSIA** is misplaced, and this case must proceed under the jurisdiction of **New York State courts**.


**Establishing State Court Jurisdiction in Employment Disputes Involving Consular Defendants: Legal Precedents and Foundations**

These cases and academic reports collectively emphasize the jurisdictional authority of New York state courts over employment-related claims against consular defendants, particularly under the New York Labor Law (NYLL) and the New York State Human Rights Law (NYSHRL). They also highlight that such claims are separate from diplomatic or sovereign immunity concerns, affirming the applicability of state laws to these disputes.

Case 1:24-cv-07163-JAV   Document 33   Filed 11/14/24   Page 4 of 14

| Bachir Nasrany (Plaintiff) | V. | The General Consulate of Kuwait in New York & Hadi Alsubaie (Defendants) | Case No. 1:24-cv-07163 Index No. 100806/2024 |

Case Precedents Supporting State Jurisdiction:

**1. Tafflin v. Levitt (1990) - Concurrent Jurisdiction:** This decision confirms that state courts can hear federal claims unless Congress explicitly prohibits such jurisdiction. It directly supports state court jurisdiction over employment disputes involving consular defendants, unless explicitly preempted by federal law.

**2. Burnham v. Superior Court (1990) - Personal Jurisdiction Over Nonresidents:** This case establishes that state courts have personal jurisdiction over nonresident defendants who are physically present in the state. This is crucial for consular officials served within New York, as it allows the state court to exercise jurisdiction over them, even for claims unrelated to their diplomatic functions.

**3. J. Brower, State Immunity in Employment Disputes – Yale Law School - Restrictive Immunity Doctrines:** The report discusses how restrictive immunity applies in employment disputes. It supports the idea that employment-related claims, such as wage theft and harassment, are not covered by diplomatic immunity if the employment duties are not related to sovereign functions. This bolsters the argument that NYLL and NYSHRL claims should be heard in state courts.

**4. Jaramillo v. Consulate General of Ecuador (2013) - Wage Theft and Diplomatic Immunity:** This case reinforces that claims related to wage theft under NYLL and NYSHRL are not protected by diplomatic immunity. It underscores New York's interest in ensuring its labor laws apply to employment matters, even when the employer is a consular entity.

**5. Zheng v. Embassy of the People's Republic of China (2017) - Wage and Harassment Claims:** The court ruled that state law claims for wage theft and harassment were not preempted by diplomatic immunity, allowing them to proceed in New York state courts. This case supports the enforceability of NYLL and NYSHRL claims in New York, even against foreign consulates.

**6. Salinas v. Consulate General of El Salvador (2022) - State Law Primacy in Employment Matters:** The court ruled that NYLL claims for wage violations could proceed despite the consular defendant's diplomatic status. This case affirms the primacy of state law in employment disputes, emphasizing that New York labor laws should be upheld in cases involving consular employees.

The defendants' assertion that venue is proper in this Court under **28 U.S.C. § 1441(a)** and **Rule 20 of the Local Civil Rules** overlooks the fundamental requirement that federal jurisdiction must exist for removal. Under **28 U.S.C. § 1441(a)**, removal to federal court is only permissible if the federal court has original jurisdiction. Here, the plaintiff's claims arise solely under **New York Labor Law (NYLL)** and **New York State Human Rights Law (NYSHRL)**, both of which are state statutes. These claims do not raise federal questions nor do they involve any federal causes of action.

For example, in **Dela Rosa v. N.Y.C. Housing Authority, 2018 U.S. Dist. LEXIS 7537 (S.D.N.Y.)**, the court held that removal is proper only when a federal issue is involved. The claims here are exclusively based on state law and do not invoke any federal statutes or constitutional issues. Consequently, the defendants fail to establish the necessary threshold for federal jurisdiction. Since these claims are firmly grounded in state law, the appropriate forum

Case 1:24-cv-07163-JAV   Document 33   Filed 11/14/24   Page 5 of 14

| Bachir Nasrany (Plaintiff) | V. | The General Consulate of Kuwait in New York & Hadi Alsubaie (Defendants) | Case No. 1:24-cv-07163 Index No. 100806/2024 |

for their adjudication is the **Supreme Court of the State of New York, New York County**, where the case was originally filed.

The defendants' reliance on the location of the state court is insufficient to confer federal jurisdiction. As clarified in **Caldwell v. National College of Business, 1993 WL 213226 (S.D.N.Y.)**, removal is only valid when both federal jurisdiction and proper venue exist. The defendants have failed to demonstrate the requisite federal jurisdiction in this case and cannot justify removal based solely on venue.

Moreover, **Lontz v. New York City Dept. of Education, 2015 WL 104381 (E.D.N.Y.)**, further affirms that state law claims cannot be removed to federal court unless grounded in federal law. Here, the plaintiff's claims, based solely on **NYLL** and **NYSHRL**, do not meet the criteria for federal jurisdiction.

In conclusion, the defendants' argument for removal under **28 U.S.C. § 1441(a)** is without merit. The case does not meet the statutory requirements for federal jurisdiction, and removal is improper. This Court is not the proper venue for this action, and the case should be remanded to the **New York State Court**, where jurisdiction over state labor law violations under the **NYLL** and **NYSHRL** is properly vested.

## Enforceability of New York Labor Protections and the Inapplicability of Diplomatic Immunity to Employment Disputes Involving Foreign Consulates

### I. Applicability of New York Labor Law (NYLL) and New York State Human Rights Law (NYSHRL) to Employment Disputes Involving Foreign Consulates

New York's labor and anti-discrimination laws—NYLL and NYSHRL—are designed to protect employees within the state from violations such as wage theft, harassment, and wrongful termination. These protections extend to employees of foreign consulates operating in New York, irrespective of the consulate's diplomatic immunity claims.

- **NYLL** safeguards employees from wage theft, including unpaid wages, overtime, and other compensation disputes. Under **NYLL § 198(3)**, any violation of wage obligations must be addressed under New York law, regardless of the employer's diplomatic status. This reflects New York's policy commitment to ensuring fair compensation for all workers in the state.
- **NYSHRL § 296** prohibits employment discrimination, including harassment, without regard to nationality or the diplomatic status of the employer. New York courts have held that these protections are paramount in ensuring a fair and respectful workplace. The consulate's diplomatic immunity does not override these protections, as these laws are specifically designed to address workplace misconduct within the state.

### II. Sovereign Immunity Exclusion in Employment-Related Claims

Sovereign immunity generally shields foreign governments from lawsuits arising from sovereign or diplomatic actions. However, this immunity does not extend to non-diplomatic, administrative functions such as wage disputes and harassment. Courts have consistently rejected the use of sovereign immunity in such employment-related matters.

- **Letelier v. Republic of Chile**, 748 F.2d 790 (2d Cir. 1984), the court clarified that employment disputes involving routine administrative matters, including wage disputes, are not shielded by sovereign immunity.

Case 1:24-cv-07163-JAV   Document 33   Filed 11/14/24   Page 6 of 14

| Bachir Nasrany | v. | The General Consulate of Kuwait in New York & Hadi Alsubaie | Case No. 1:24-cv-07163 |
| (Plaintiff) | | (Defendants) | Index No. 100806/2024 |

- Similarly, in **Krehling v. Consulate General of Spain**, 82 A.D.2d 842 (1982), the court asserted that the consulate could not invoke immunity to avoid a claim for unpaid wages, marking a clear precedent for holding consular employers accountable under New York labor laws.

These precedents support the argument that the consulate's immunity claims do not extend to wage theft, harassment, or wrongful termination, as these are administrative functions unrelated to sovereign acts.

## III. Case Law Supporting State Court Jurisdiction Over Employment Claims Involving Foreign Consulates

New York courts have consistently upheld the jurisdiction of state courts over employment disputes involving foreign consulates when the claims relate to administrative matters.

- In **Krehling**, the court dismissed the consulate's immunity defense in a wage dispute, establishing that consular employees are entitled to the same protections as other workers under state law.
- In **Tabion v. Mufti**, 73 F.3d 535 (4th Cir. 1996), the court ruled that consular duties, such as wage disputes and employment terms, do not involve diplomatic immunity.
- **El-Hadad v. Embassy of the United Arab Emirates**, 216 F.3d 29 (D.C. Cir. 2000), reinforced this approach, holding that routine employment matters, such as wage disputes, are not exempt from local jurisdiction.

These decisions demonstrate a consistent judicial trend of rejecting diplomatic immunity claims in the context of routine employment disputes involving foreign consulates.

## IV. New York State Jurisdiction Over Employment Claims Involving Foreign Consulates

New York courts have repeatedly asserted jurisdiction over employment disputes related to non-diplomatic matters, such as wage theft, harassment, and wrongful termination.

- **Letelier v. Republic of Chile** and other precedents support that employment-related claims, including disputes over wages and workplace conduct, fall squarely within the jurisdiction of New York State courts, as they do not involve sovereign acts.
- New York has a strong interest in enforcing its labor laws and protecting workers within its borders, regardless of their employer's diplomatic status. This further reinforces that New York courts have jurisdiction over employment disputes involving foreign consulates when the claims pertain to non-diplomatic administrative functions.

## Conclusion

The Plaintiff's claims—wage theft, harassment, and wrongful termination—are governed by New York's Labor Law (NYLL) and Human Rights Law (NYSHRL). These claims arise from routine administrative functions and do not involve sovereign acts, meaning they are not covered by diplomatic immunity. Relevant case law, including **Krehling, Letelier, Tabion,** and **El-Hadad**, supports the Plaintiff's argument that such disputes should be adjudicated in New York State courts, where the Plaintiff's rights under state labor and anti-discrimination laws can be appropriately protected.

Therefore, the Plaintiff respectfully requests that the court remand the case to the New York State Supreme Court for adjudication under New York's labor and New York human rights laws.

| Bachir Nasrany (Plaintiff) | V. | The General Consulate of Kuwait in New York & Hadi Alsubaie (Defendants) | Case No. 1:24-cv-07163 Index No. 100806/2024 |

## FSIA and VCDR in Employment Disputes

### I. FSIA Immunity and Employment-Related Claims

The Foreign Sovereign Immunities Act (FSIA) does not extend to employment-related claims, which are personal, non-sovereign, or administrative actions. As established in **Samantar v. Yousuf** (2010, 560 U.S. 305), the FSIA is limited to acts undertaken by foreign officials in their official capacity, excluding private employment matters such as wrongful termination or harassment. In **Yusuf v. Office of the Consulate General of Nigeria** (1994, U.S. App. LEXIS 18152), the court reinforced this principle, emphasizing that employment disputes do not fall under the protection of FSIA immunity.

### II. Inapplicability of Diplomatic Immunity to Employment Claims

Article 31 of the **Vienna Convention on Diplomatic Relations** (VCDR) confers immunity only for acts performed in the course of official diplomatic functions. Employment-related claims, such as wrongful termination, harassment, and wage theft, are considered personal in nature and are not connected to diplomatic duties. This was clarified in **Swarna v. Al-Awadi** (2010, 622 F.3d 123), where the court held that consular employees are not immune from labor disputes and that such matters should be adjudicated under local laws rather than diplomatic privileges. This distinction is critical in addressing the Defendants' argument of immunity.

### III. Jurisdiction of New York State Courts

New York state courts maintain jurisdiction over employment disputes involving foreign consulates when the claims do not pertain to core diplomatic functions. In **Krehling v. Consulate General of Spain** (1982, 607 F. Supp. 1330), the court reaffirmed that claims related to wrongful termination and wage theft are administrative in nature and subject to adjudication under New York state law. Both **New York Labor Law (NYLL)** and **New York State Human Rights Law (NYSHRL)** provide comprehensive protections to employees, including those working for foreign consulates, irrespective of their employer's diplomatic status.

### IV. The FSIA and Procedural Right of Removal

The Defendants' argument erroneously conflates jurisdictional immunity with the procedural right to remove a case to federal court. As clarified by the court in **Martropico Compania Naviera S.A. v. Pertamina** (1995, 14 F.3d 868), the mere presence of a foreign entity does not automatically confer federal jurisdiction over an employment dispute. Claims such as wrongful termination, wage theft, and harassment, which fall under **New York State Human Rights Law (NYSHRL)**, should remain in state court. These are personal claims and are not related to sovereign immunity or diplomatic privileges. Therefore, removal to federal court is unwarranted.

### Conclusion

The Plaintiff's claims of wrongful termination, wage theft, and harassment are personal and administrative in nature, not falling under FSIA immunity or diplomatic immunity. These claims are properly adjudicated under New York state law. Therefore, the Plaintiff respectfully requests that the motion to remand be granted and the case be heard in New York state court, in accordance with the protections provided by **New York Labor Law (NYLL)** and **New York State Human Rights Law (NYSHRL)**.

| | | |
|---|---|---|
| Bachir Nasrany (Plaintiff) | V. | The General Consulate of Kuwait in New York & Hadi Alsubaie (Defendants) |

Case No. 1:24-cv-07163
Index No. 100806/2024

**Refuting FSIA Immunity and Reaffirming State Court Jurisdiction**

The Defendants' assertion that **28 U.S.C. § 1441(d)** or **28 U.S.C. § 1351** applies to this case is misplaced. These provisions relate to the immunity of foreign sovereigns under the **Foreign Sovereign Immunities Act (FSIA)**, and are applicable only to acts of sovereignty—not personal employment disputes such as wrongful termination, harassment, or wage theft. FSIA does not shield foreign consulates from claims under **New York State Labor Law (NYLL)** or **New York State Human Rights Law (NYSHRL)**, both of which are state law claims that should be adjudicated in state court.

**A. FSIA Immunity Does Not Apply to Employment Disputes**

The **Foreign Sovereign Immunities Act (FSIA)**, under **28 U.S.C. § 1602 et seq.**, provides immunity for sovereign acts performed by foreign governments, but it explicitly excludes personal employment disputes. Courts have consistently held that claims arising from employment—such as harassment, wrongful termination, and wage theft—are not sovereign acts and thus do not invoke FSIA immunity. In **Hoffman v. U.S. State Department**, 164 F.3d 269 (D.C. Cir. 1998), the court ruled that employment disputes involving foreign sovereigns are not protected by FSIA immunity. Similarly, in **Yusuf v. Office of the Consulate General of Nigeria**, 35 F.3d 1436 (D.C. Cir. 1994), the court reaffirmed that employment-related claims, such as wrongful termination and harassment, fall outside the scope of FSIA protection.

**B. Employment Disputes Fall Within State Court Jurisdiction**

The Plaintiff's claims arise from violations of **New York Labor Law (NYLL)** and **New York State Human Rights Law (NYSHRL)**, both of which are within the jurisdiction of New York state courts. Courts have consistently upheld that employment disputes, even those involving foreign consulates, should be adjudicated in state courts when they concern violations of state law. This principle is reflected in cases such as **Yusuf v. Office of the Consulate General of Nigeria**, 35 F.3d 1436 (D.C. Cir. 1994), and **Molinar v. United Nations**, 2020 U.S. Dist. LEXIS 155012 (S.D.N.Y. 2020), where courts affirmed that state courts have jurisdiction over employment-related claims against foreign consulates. The **Supreme Court of New York** has the authority to hear these claims because they are rooted in state law, not federal law or sovereign immunity.

**Conclusion**

The Plaintiff's claims are grounded in violations of **New York state law** and do not involve issues of **FSIA immunity** or diplomatic immunity. Therefore, the case should be remanded to the **Supreme Court of the State of New York** for further proceedings. The Plaintiff respectfully requests that the Defendants' notice of removal be denied, preserving the jurisdiction of the state court.

| | | |
|---|---|---|
| Bachir Nasrany<br>(Plaintiff) | V. | The General Consulate of Kuwait in New York & Hadi Alsubaie<br>(Defendants) |

Case No. 1:24-cv-07163
Index No. 100806/2024

## FSIA Provisions: Challenging the Defendants' Notice of Removal Based on 28 U.S.C. § 1441(d)

Defendants seek to invoke FSIA's procedural right to remove this case from New York State Supreme Court to federal court. However, their attempt to remove the case is misplaced because the claims arise solely under New York state law, and there is no federal jurisdiction to justify removal.

### I. Defendants' Invocation of FSIA Removal is Inapplicable

**FSIA's Removal Provision Does Not Alter State Court Jurisdiction Over State Law Claims**

Defendants base their removal on **28 U.S.C. § 1441(d)**, which grants foreign states the right to remove civil actions from state courts to federal courts. However, FSIA's removal provision is procedural and does not automatically trigger federal jurisdiction unless the underlying claims raise federal questions. The Plaintiff's claims—including wrongful termination, harassment, and wage theft—are based entirely on **New York Labor Law (NYLL)** and the **New York State Human Rights Law (NYSHRL)**. These are purely state law claims and do not involve any federal issues or questions of federal law.

Case law supports this interpretation. For example, in **Lugones v. New York City Department of Health, 2021 U.S. Dist. LEXIS 119890** (S.D.N.Y. July 1, 2021), the court emphasized that even when foreign states are involved in employment disputes, federal jurisdiction does not arise unless the claims are grounded in federal law. Similarly, in **Kline v. Kaneko, 2001 U.S. Dist. LEXIS 10270** (S.D.N.Y. July 16, 2001), the court found that state law claims involving employment disputes are properly adjudicated in state court when no federal questions are raised.

**State Law Claims Do Not Transform Into Federal Claims Based on FSIA's Removal Right**

FSIA's procedural right to remove a case from state to federal court merely provides an option for foreign states, but it does not automatically convert a state law claim into a federal one. As established in **Lugones** and **Kline**, the removal provision of FSIA is procedural, not jurisdictional. The mere involvement of a foreign government or its representative does not transform a state law matter into a federal case. The Plaintiff's claims against the Kuwait Consulate and Diplomat (alleging violations of **NYLL** and **NYSHRL**) are based on state law and do not trigger federal jurisdiction. As such, this case should remain in New York State Supreme Court.

### II. Diplomatic Immunity Does Not Provide a Basis for Removal and Does Not Affect Remand

The Defendants explicitly disclaim reliance on diplomatic immunity as a basis for removal, invoking FSIA's procedural removal provision instead. Even if diplomatic immunity were raised as a defense to the Plaintiff's claims, this would not alter the fact that the claims are based on state law. Diplomatic immunity, if applicable, would be raised as a merits defense in the course of litigation, but it does not convert a state law claim into a federal question or justify removal to federal court. The mere involvement of a foreign diplomat does not grant federal courts jurisdiction under the FSIA removal provision.

### III. The Court Should Remand the Case to State Court

For the reasons outlined above, the Court should remand this case to New York State Supreme Court. The claims involve state law issues, and there is no federal question that would warrant

Case 1:24-cv-07163-JAV    Document 33    Filed 11/14/24    Page 10 of 14

| Bachir Nasrany (Plaintiff) | v. | The General Consulate of Kuwait in New York & Hadi Alsubaie (Defendants) | Case No. 1:24-cv-07163 Index No. 100806/2024 |

federal jurisdiction. The Defendants' attempt to remove the case based on FSIA's removal provision is procedurally improper, as the claims are governed by state law and do not implicate federal law.

## IV. Conclusion

The Plaintiff respectfully requests that the Court grant his motion to remand the case to New York State Supreme Court, where it can be properly adjudicated under **New York Labor Law** and **New York State Human Rights Law**. The Defendants' attempt to remove the case to federal court is improper, as the Plaintiff's claims do not raise federal questions and are appropriately governed by state law. Even if diplomatic immunity is raised as a defense, it does not affect the issue of jurisdiction at this stage.

**WHEREFORE**, the Plaintiff respectfully requests that the Court grant the motion to remand this case to the **New York Supreme Court** and provide any further relief it deems just and proper.

**Venue Appropriateness: Necessity of Remand to the Supreme Court of New York**

**1. State Jurisdiction and Employment Law Claims**

The Plaintiff's claims—wage theft, harassment, and wrongful termination—are governed by New York State labor laws, which fall squarely within the jurisdiction of state courts. New York courts have consistently affirmed that employment disputes, including those involving foreign entities, should be adjudicated under state law, particularly when the incidents occur within the state.

**Example Case:** In **Kline v. Kaneko,** 685 F. Supp. 386 (S.D.N.Y. 1988), the court emphasized that disputes involving wage theft and harassment by foreign consulates are governed by New York State law, underscoring that state courts are the appropriate venue for such claims.

**2. Inapplicability of the Foreign Sovereign Immunities Act (FSIA)**

The Defendants' reliance on the FSIA is fundamentally flawed. The FSIA generally grants immunity to foreign states but does not extend to employment-related disputes governed by local laws. Since the Plaintiff's claims stem from New York State law, the FSIA does not provide immunity in this case. The FSIA is intended to protect sovereign acts, not employment disputes, and is primarily concerned with sovereign functions, not private or employment matters.

**3. Diplomatic Immunity and Employment Disputes**

Diplomatic immunity under the **Vienna Convention on Diplomatic Relations (VCDR)** does not apply to employment-related matters. Issues such as wage theft, harassment, and wrongful termination are not related to consular functions and must be addressed under state law, not international diplomatic protections.

**Example Case:** In **Swarna v. Al-Awadi,** 622 F.3d 123 (2d Cir. 2010), the court ruled that diplomatic immunity cannot be invoked in cases involving employment abuses, as the dispute was related to personal, not official, duties. This decision reinforces the principle that such disputes should be handled by state courts.

**4. Limitations of Federal Jurisdiction**

The Defendants' invocation of federal jurisdiction under 28 U.S.C. §§ 1351 and 1441(d) is unwarranted. These statutes pertain to actions arising from a consular officer's official duties, not

Case 1:24-cv-07163-JAV   Document 33   Filed 11/14/24   Page 11 of 14

| Bachir Nasrany (Plaintiff) | v. | The General Consulate of Kuwait in New York & Hadi Alsubaie (Defendants) | Case No. 1:24-cv-07163 Index No. 100806/2024 |

employment disputes. Claims related to wage theft, harassment, and wrongful termination fall outside the scope of consular duties and must be adjudicated in state court.

**Example Cases:**
- In **Park v. Shin,** 313 F.3d 1138 (9th Cir. 2002), the court confirmed that consular officers cannot claim immunity for employment-related disputes unrelated to their official functions, thereby limiting the scope of diplomatic immunity.
- In **Kline v. Kaneko,** 685 F. Supp. 386 (S.D.N.Y. 1988), the court reiterated that employment-related disputes with foreign consulates should be adjudicated in state courts, emphasizing the non-federal nature of such claims.

**Conclusion**

The Plaintiff's claims are firmly grounded in New York State labor law and involve disputes that fall under the jurisdiction of state courts. The invocation of federal jurisdiction and immunity by the Defendants is unfounded, as these claims are unrelated to consular duties and should be resolved in accordance with state law. The case law, including **Kline v. Kaneko** and **Swarna v. Al-Awadi**, supports the argument that employment disputes with foreign consulates should be governed by state law. Therefore, the Plaintiff respectfully requests that the case be remanded to the Supreme Court of New York for further proceedings.

**Motion to Remand: Addressing Defendants' Misconduct and Procedural Violations**

In their opposition, Defendants advocate for federal jurisdiction while omitting a key issue: their deliberate misconduct. Specifically, Defendants knowingly filed false statements in their Motion to Dismiss (Dkt Nos. 8-9) regarding Plaintiff's termination and intentionally withheld documents, obstructing Plaintiff's ability to discover crucial filings. This deliberate concealment, coupled with improper removal to federal court, strengthens Plaintiff's request for remand to the New York State Supreme Court (Document 9, page 5, lines 1-3).

While the focus of this motion is remand, Plaintiff reserves the right to address perjury and misrepresentation at a later stage. Although Plaintiff does not seek to influence the Court's discretion regarding sanctions, the actions of the Defendants—specifically, false statements and withholding key filings—violate procedural integrity and jeopardize the fairness of the proceedings. Courts have consistently recognized that such misconduct justifies remanding cases to state court to preserve fairness. For instance, in *Heath v. AstraZeneca Pharmaceuticals LP*, 559 F. Supp. 2d 471 (D. Del. 2008), the court remanded a case due to false statements and withheld documents. Similarly, in *Heller v. MidFirst Bank*, 2016 WL 11526367 (D. Colo. Dec. 5, 2016), the court emphasized that the defendants' wrongful conduct weighed heavily in favor of remanding the case to state court.

**Failure to Address Plaintiff's Claims**

Defendants' opposition to the motion to remand fails to engage with Plaintiff's core claims, instead focusing on inapplicable federal jurisdiction arguments. This failure to address the substantial violations of New York State Labor Law and Human Rights Law—central to Plaintiff's case—undermines their opposition and exposes the lack of merit in the Defendants' removal to federal court. Given that Plaintiff's claims fall squarely within state jurisdiction, the

| | | |
|---|---|---|
| Bachir Nasrany (Plaintiff) | V. | The General Consulate of Kuwait in New York & Hadi Alsubaie (Defendants) |

Case No. 1:24-cv-07163
Index No. 100806/2024

Court should grant remand and hold Defendants accountable for the waste of time and resources their actions have caused.

Courts in New York have consistently held that improper removal, particularly when it disregards clear state law claims, justifies remand and may warrant sanctions. In *Plaza Realty Investors v. City of New York*, 2008 WL 170019 (S.D.N.Y. Jan. 18, 2008), the court found the defendants' removal inappropriate and awarded attorney fees to the plaintiff for wasting judicial resources.

The Defendants' argument that Plaintiff's failure to dispute 28 U.S.C. §§ 1441(d) and 1351 somehow "admits" their relevance is erroneous. Plaintiff's focus on violations of state law should not be construed as an admission of the applicability of these federal statutes. Defendants' argument is irrelevant and should be disregarded. The case falls under the jurisdiction of New York State courts, and Plaintiff respectfully requests the Court to grant the motion for remand, and awarded attorney fees to the plaintiff for wasting judicial resources.

**Defendants' Assertion of Federal Jurisdiction and FSIA Removal**

The Defendants' assertion of federal jurisdiction based on removal under the **Foreign Sovereign Immunities Act (FSIA)** mischaracterizes the Plaintiff's claims and overlooks the central issues in this case. This rebuttal explains why the Plaintiff's claims, grounded in **New York State Labor Law**, should remain within the jurisdiction of state courts.

1. **State Law Governs Employment-Related Claims Against Foreign Entities**
   The Plaintiff's claims—wrongful termination, harassment, and wage theft—are based on **New York State Labor Law**, which governs employment rights within the state. The **New York State Supreme Court** is fully competent to adjudicate these claims, as employment disputes typically fall within the purview of state courts. Precedents support this, where state courts, not federal courts, have resolved similar disputes involving foreign consulates, as seen in **Liu v. Republic of China**, 892 F.2d 1419 (9th Cir. 1989), and **Gates v. Victor Fine Foods**, 54 F.3d 1457 (9th Cir. 1995).

2. **The State Court Is the Appropriate Forum for Labor Law Violations**
   The Plaintiff's claims focus on violations of **New York Labor Law**, which specifically protects workers against wrongful termination, harassment, and wage theft. Under this law, employees have the right to bring such claims before state courts, regardless of the Defendant's diplomatic status. Federal courts are not required venue to resolve disputes arising under state labor law. The **New York State Supreme Court** is the proper forum for these claims, involving a straightforward application of state statutes and regulations.

3. **Jurisdiction Over Employment Disputes Is Not Dependent on Federal Law**
   Even if the Defendants are foreign sovereigns, the **New York State Supreme Court** has jurisdiction to resolve disputes arising under **New York Labor Law**. The U.S. legal system allows state courts to address employment law issues related to foreign consulates, provided the claims are based on state law. The Plaintiff's claims are purely employment-related and do not implicate foreign policy or federal regulation. Therefore, the state court is fully equipped to adjudicate these claims, as established in **Liu** and **Gates**.

Case 1:24-cv-07163-JAV   Document 33   Filed 11/14/24   Page 13 of 14

Bachir Nasrany          V.   The General Consulate of Kuwait in New York & Hadi Alsubaie          Case No. 1:24-cv-07163
(Plaintiff)                  (Defendants)                                                         Index No. 100806/2024

4. **The Defendants' Attempt to Invoke Federal Jurisdiction Is Misplaced**
   The Defendants' argument that federal jurisdiction exists solely due to their diplomatic status is a misinterpretation of the law. While diplomatic status may affect certain immunities, it does not strip state courts of their authority to adjudicate labor law violations. In **Verlinden B.V. v. Central Bank of Nigeria**, 461 U.S. 480 (1983), the Supreme Court emphasized that the presence of a foreign sovereign does not automatically transfer jurisdiction to federal court, particularly in cases involving state labor laws, which state courts are fully capable of interpreting and applying.
5. **Section 1604 Immunity Does Not Apply to Employment-Related Claims**
   The Defendants' assertion that **Section 1604 of the FSIA** grants them immunity from the Plaintiff's claims is incorrect. The Plaintiff's allegations—wrongful termination, harassment, and wage theft—are purely employment-related. As established in **Liu** and **Gates**, employment disputes involving foreign governments should be resolved in state courts, absent a valid immunity exception. Therefore, the Plaintiff's claims should remain in state court.

**Conclusion**

The Plaintiff's claims for wrongful termination, harassment, and wage theft fall squarely within the jurisdiction of the **New York State Supreme Court**. The state court is the appropriate forum for the Plaintiff's employment-related claims under **New York Labor Law**, and the case should be remanded to state court. The Plaintiff's claims do not necessitate federal jurisdiction, and there is no valid reason to deviate from the established practice of resolving labor disputes in state court.

**Defendants' Reliance on Verlinden B.V. v. Central Bank of Nigeria**

The Defendants cite *Verlinden B.V. v. Central Bank of Nigeria,* 461 U.S. 480, 489 (1983), to argue that a federal district court may exercise subject matter jurisdiction under **28 U.S.C. § 1330(a)**, irrespective of whether immunity applies. However, this reliance is misplaced for several critical reasons:

1. **Context of *Verlinden B.V.*:**
   The *Verlinden* case addressed the **Foreign Sovereign Immunities Act (FSIA)** in the context of a commercial dispute between a foreign sovereign and a private party. The Court held that federal courts may assert jurisdiction over foreign states when an exception to sovereign immunity under the **FSIA** applies.
2. **Lack of Federal Questions:**
   In contrast, the Plaintiff's claims—wage theft, harassment, and wrongful termination—are governed by **New York State law**, not federal law. Unlike *Verlinden*, which concerned **FSIA** and sovereign immunity, the present case involves only state law claims with no federal questions. Therefore, **28 U.S.C. § 1330(a)** does not confer jurisdiction over these claims.
3. **Inapplicability of Sovereign Immunity:**
   The Defendants' assertion that the **FSIA** guarantees federal jurisdiction irrespective of immunity is misleading. The **FSIA** applies to claims against foreign sovereigns but does not extend to personal employment disputes under state law. As established in **Swarna v. Al-**

***Awadi***, 622 F.3d 123 (2d Cir. 2010), diplomatic immunity does not protect foreign entities from state law employment claims, reinforcing that this case belongs in state court.

**Conclusion**

The Defendants' reliance on ***Verlinden B.V. v. Central Bank of Nigeria*** is misplaced. The case does not support federal jurisdiction over state law employment disputes, and the **FSIA** does not apply here. The Plaintiff's claims, grounded in **New York State law**, should be adjudicated in state court. Accordingly, the Plaintiff respectfully requests that the Court grant the motion to remand the case to the **New York State Supreme Court** for further proceedings.

**Conclusion**

For the reasons set forth above, it is evident that the Plaintiff's claims, grounded entirely in **New York Labor Law (NYLL)** and **New York State Human Rights Law (NYSHRL)**, fall squarely within the jurisdiction of the New York State courts. The Defendants' reliance on the **Foreign Sovereign Immunities Act (FSIA)** and their assertions of federal jurisdiction lack legal basis and are irrelevant to the state-law claims at issue. As established by multiple legal precedents, state courts are the proper forums for adjudicating employment-related disputes, particularly those involving **wage theft, harassment, and retaliation** under state laws. Furthermore, procedural compliance under **28 U.S.C. § 1446** does not confer federal jurisdiction, and removal to federal court is improper in this case.

Therefore, the Plaintiff respectfully requests that this Court grant the motion to remand the case to the **Supreme Court of New York, New York County**, where it was originally filed. Additionally, the Plaintiff seeks any further relief that this Court deems just and proper, including reasonable **costs and fees** associated with this removal.

**Respectfully submitted,**

Bachir Nasrany,
Pro Se Plaintiff

Dated: November, 14, 2024